25CA2384 Peo in Interest of DC 07-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA2384
Chaffee County District Court No. 25JV30002
Honorable Dayna Vise, Judge

The People of the State of Colorado,

Appellee,

In the Interest of D.C., a Child,

and Concerning C.C.,

Appellant.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

Karl Hanlon, Interim County Attorney, Salida, Colorado, Julie Thomerson, Special County Attorney, Arvada, Colorado, for Appellee

Jenna L. Mazzucca, Counsel for Youth, Salida, Colorado, for D.C.

Beth Padilla, Office of Respondent Parents' Counsel, Durango, Colorado, for Appellant

¶ 1    C.C. (father) appeals the judgment adjudicating D.C. (the youth) dependent or neglected. We affirm.

## I.    Background

¶ 2    The Chaffee County Department of Human Services filed a petition in dependency or neglect regarding the then eleven-year-old youth. The petition alleged that father was placed on a mental health hold after experiencing a "psychotic episode involving hallucinations and delusions."

¶ 3    The juvenile court held an adjudicatory jury trial seven months after the Department filed the petition. At the trial, the Department alleged and the jury found that (1) the child lacked proper parental care as a result of father's acts or failures to act; and (2) that the child's environment was injurious to his welfare.

¶ 4    Based on the jury's verdicts, the juvenile court adjudicated the youth dependent and neglected.

## II.    Challenges for Cause

¶ 5    Father contends that the juvenile court abused its discretion in denying his challenges for cause to four prospective jurors: Juror Ha., who served on the jury, and three others who did not. We discern no error.

1

A.    Standard of Review and Applicable Law

¶ 6    A challenge for cause is entrusted to the sound discretion of the juvenile court. *Day v. Johnson*, 232 P.3d 175, 178 (Colo. App. 2009), *aff'd*, 255 P.3d 1064 (Colo. 2011). We defer to the court's assessment of a prospective juror's responses because the court is uniquely positioned to evaluate the demeanor and body language of a prospective juror. *Id.*; *see also People v. Clemens*, 2017 CO 89, ¶ 13 (noting that this deferential standard "serves to discourage reviewing courts from second-guessing the trial court based on a cold record").

¶ 7    A juvenile court's decision to deny a challenge for cause will not be disturbed on review absent an abuse of discretion. *Day*, 232 P.3d at 178. A court abuses its discretion when its ruling is based on an erroneous understanding or application of the law or is manifestly arbitrary, unreasonable, or unfair. *People in Interest of M.V.*, 2018 COA 163, ¶ 52.

¶ 8    Under C.R.C.P. 47(e)(6), a court may remove a prospective juror for cause based on the juror "[h]aving formed or expressed an unqualified opinion or belief as to the merits of the action." Unlike other provisions of C.R.C.P. 47(e), there is no presumption that a

2

prospective juror challenged under subsection (6) will be biased for or against a party. *Day*, 232 P.3d at 180.

¶ 9      A court need not excuse a prospective juror for cause when, "after explanation and rehabilitative efforts, the court believes that [the juror] can render a fair and impartial verdict based on the instructions given by the judge and the evidence presented at trial." *Clemens*, ¶ 16. Nor must the court remove a prospective juror for cause if the juror expresses an ability to set aside any biases. *Day*, 232 P.3d at 180.

## B.      Juror Ha.

¶ 10     Father asserts that Juror Ha., who served on the jury, "evidenced bias" because she stated "that if a case is in court, there was some evidence," and thus the juvenile court erred by denying his challenge for cause. But after questioning by the judge, the juror stated that she could be impartial. *See Clemens*, ¶ 16; *Day*, 232 P.3d at 180. Because the judge successfully rehabilitated the juror, we discern no error.

¶ 11     Father also argues that after Juror Ha. was empaneled, the parties informed the judge that she "was significantly angry with the judge." When the judge questioned the juror in chambers, she

admitted that she did not want to be selected for jury duty but that she could be "impartial" and "fair," stating that "it'll be fine."

¶ 12    We must defer to the juvenile court's assessment of the prospective juror's responses. *See Day*, 232 P.3d at 178. And because the record ultimately supports the court's decision, we cannot disturb it. *See People v. O'Neal*, 32 P.3d 533, 535 (Colo. App. 2000) ("We will overturn a court's ruling on a challenge for cause only if the record presents no basis to support it."). As such, we conclude that the court did not err when it denied father's for-cause challenge.

## C.    Jurors Hu., T., and C.

¶ 13    Father argues that the juvenile court erred by denying his for-cause challenges to three prospective jurors who purportedly "formed or expressed an unqualified opinion or belief as to the merits of the action." *See* C.R.C.P. 47(e)(6). But these three challenged prospective jurors did not sit as part of the jury because father used his peremptory strikes to remove them. And father does not allege that the court acted in bad faith when it denied his for-cause challenges; thus, there is no remedy for the court's purported errors. *See People v. Caswell*, 2021 COA 111, ¶ 22

("Absent a showing of the trial court's bad faith, a defendant's right to an impartial jury is not adversely affected by an erroneous denial of his challenge for cause if that juror is otherwise removed — for example, by a peremptory challenge.").

¶ 14     To the extent father argues that the court's purported errors in denying his for-cause challenges to these three jurors deprived him of sufficient peremptory challenges to remove a fourth juror, Juror Ha., father was not entitled to "shape the composition of the jury" in such a manner.  *See Vigil v. People*, 2019 CO 105, ¶ 25 (A defendant is not "granted any right in this jurisdiction, by constitution, statute, or rule, to shape the composition of the jury through the use of peremptory challenges, [thus] the defendant could not have been harmed by the deprivation of any such right."); *see also Laura A. Newman, LLC v. Roberts*, 2016 CO 9, ¶ 10 (applying same reasoning to civil cases).  Moreover, as we explained above, Juror Ha. was not biased.

### III.    Testimony Regarding Urinalysis (UA) Testing

¶ 15     Father asserts that the juvenile court erred when it allowed the caseworker to testify about father's compliance with UA testing. We disagree.

## A. Standard of Review

¶ 16     We review the juvenile court's decision to admit evidence for an abuse of discretion. *People in Interest of M.H-K.*, 2018 COA 178, ¶ 60. A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

¶ 17     An error in the admission of evidence is harmless when it does not affect the substantial rights of the parties. C.R.C.P. 61. "An error affects a substantial right only if it can be said with fair assurance that the error substantially influenced the outcome of the case or impaired the basic fairness of the trial itself." *People in Interest of C.C.*, 2022 COA 81, ¶ 20 (citation modified).

## B. Analysis

¶ 18     A Department supervisor was asked during her testimony if father "engage[d] in substance monitoring." Father objected, arguing that pre-adjudicatory UAs were irrelevant. The juvenile court overruled the objection. The supervisor then testified that the Department received father's first test result four months after the petition was filed and that father did not consistently engage in monitoring.

¶ 19　We need not resolve whether the supervisor's testimony was irrelevant because even if the testimony was inadmissible, any error in admitting it was harmless. The portion of the testimony regarding UA testing was brief and was not the focus of the supervisor's testimony. *Cf. People v. Salas*, 902 P.2d 398, 401 (Colo. App. 1994) (holding child hearsay statements were not unduly prejudicial where they were "simple, brief, and contained no outrageous facts"). And the jury received other testimony about father's substance use and his failure to mitigate substance use concerns. *See People v. Burgess*, 946 P.2d 565, 569 (Colo. App. 1997) (reversal not required when testimony admitted in error was cumulative of other similar evidence properly admitted).

¶ 20　An emergency physician who treated father during his mental health hold testified that father presented with "delusions, anxiety, paranoia, and . . . was just not acting appropriately." At the hospital, father reported that he used "heavy alcohol" and marijuana and that he "used to do speed." Based on this, the physician diagnosed father with alcohol withdrawal and explained that one "can have a very significant psychosis from alcohol withdrawal."

7

¶ 21    Father told the physician that "he didn't necessarily feel like he wanted to stop drinking, and that . . . this was a problem." Two days later, father was again admitted to the emergency department because of paranoia and delusions. The physician testified that father's "alcohol level was elevated." The physician opined that father consumed "a concerning amount of alcohol . . . especially if you show up in the emergency department."

¶ 22    The caseworker testified that father had substance abuse treatment available to him since early in the case. But when the caseworker visited with father one month before the trial, father was slurring his words and admitted that he was drinking daily. Father testified that he "was drinking quite a bit" and admitted that when the petition was filed, he "had a drinking problem."

¶ 23    After all the above evidence had been presented, the supervisor testified about father's lack of UA testing. The supervisor then testified that the Department made referrals for monitored sobriety, mental health treatment, and substance use treatment. The supervisor explained that father had only "sporadic engagement or involvement" and opined that the concerns that led to the filing of the petition "remain[ed] the same."

¶ 24    Therefore, even assuming error, the admission of testimony regarding UA testing through the supervisor was harmless.

## IV.    Disposition

¶ 25    The judgment is affirmed.

JUDGE SULLIVAN and JUDGE MEIRINK concur.